UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS CHARITY FUND, and THE NEW YORK
CITY AND VICINITY CARPENTERS LABOR
MANAGEMENT COOPERATION FUND,
by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,



JUDGE McMAHON

**07 CIV 6839**

07 CV_____

**COMPLAINT**

                                        Plaintiffs,

        -against-

AMETIS CONSTRUCTION CORP.,

                                        Defendant.
--------------------------------------------------------------------X

        Plaintiffs ("Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their

Complaint allege as follows:

## NATURE OF THE CASE

        1.        This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Ametis Construction Corp. ("Employer").

## JURISDICTION

        2.        This Court has jurisdiction over this proceeding pursuant to section 301 of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.    Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4.    Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.    At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.    The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7.    Upon information and belief defendant Ametis Construction Corp. is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 130-23 229th Street, Laurelton, NY 11413.

8.    The defendant is an employer within the meaning of section 3(5) of ERISA, 29

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9.    Defendant, Ametis Construction Corp., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001. Said Agreement provides, inter alia, that the defendant shall furnish its books and payroll records when requested by the Benefit Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

10.    A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with the Benefit Funds' demands to furnish its books and records for the purpose of conducting an audit.

11.    Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12.    Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated June 23, 2007 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13.    The arbitrator found that Ametis Construction Corp. had failed to comply with the Agreement as it relates to paying fringe benefit monies and directed it to furnish the Plaintiffs with any and all books and records, for the period of August 2, 2004 through June 23, 2007 including but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls.

14.    The arbitrator also found that Ametis Construction Corp. was required to pay the

funds a sum of $2,350.00 pursuant to the Agreement, representing costs incurred in the arbitration.

15.    The defendant, Ametis Construction Corp. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.    For an order confirming the arbitration award in all respects;

2.    For entry of judgment in favor of the Plaintiffs ordering Ametis Construction Corp. and its officers to make available to the Plaintiffs or authorized representatives any and all books and records deemed necessary to conduct an audit including, but not limited to, the cash disbursement section of the cash book, general ledger, job location records, daily time records and all certified payrolls for the period August 2, 2004 through June 23, 2007.

3.    For entry of judgment in favor of the Benefit Funds and against Ametis Construction Corp. ordering Ametis Construction Corp. to pay the Benefit Funds a total sum of $2,350.00 pursuant to the arbitrator's award.

4.    For attorneys' fees and costs of this action;

5.    For such other and further relief as this court may deem just and proper.

Dated:  New York, New York
        July 30, 2007

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4

# EXHIBIT A

COPY

OFFICE OF THE IMPARTIAL ARBITRATOR
---------------------------------------------X
In The Matter Of The Arbitration

       between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, as Trustees

                (Funds)

      -and-

Ametis Construction Corp.
               (Employer)
---------------------------------------------X
BEFORE:  Robert Herzog, Esq.

                OPINION

                AND

        DEFAULT AWARD

      Ametis Construction Corp. (hereinafter referred to as the

"Employer") and the District Council of New York City and Vicinity

of the United Brotherhood of Carpenters and Joiners of America, are

parties to a July 1, 2001 Collective Bargaining Agreement, date

executed on November 26, 2002, providing for arbitration of disputes

before the undersigned Arbitrator as Impartial Arbitrator, and in

which the Employer has therein agreed, for the duration of the

agreement, to pay contributions toward employee benefit funds

1

(hereinafter collectively referred to as the "Funds").  Collective

Bargaining Agreement Article XV, in part, reads as follows:

> **ARTICLE XV**
> **Fringe Benefit Funds**
> **Section 1. Every Employer covered by this Agreement shall make contributions for each hour worked of all employees covered by this Agreement and employed by said Employer within the territory of this Agreement in the amounts hereinafter specified to the Welfare Fund, Pension Fund, Vacation Fund, Annuity Fund, New York City and Vicinity Labor Management Cooperation Fund, United Brotherhood of Carpenters and Joiners of America Fund, Apprenticeship Journeymen Retraining, Educational and Industry Fund and Supplemental Funds.**
>
> **Section 7. Should any dispute or disagreement arise between the parties hereto, or between the Union and any Employer-member signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder by filing a notice of intent to arbitrate in writing with said impartial arbitrator, and serving a copy of said notice on the Employer, or the Union, as the case may be. ...**
>
> **... Robert Herzog is hereby designated as impartial arbitrator(s) hereunder.**

The Funds, as beneficiary of the Collective Bargaining

Agreement, have standing before the Arbitrator.  In accordance

therewith, the Funds, by a June 6, 2007 Notice of Intention to

Arbitrate, demanded arbitration.  The Funds alleged the Employer

failed to permit the Funds to conduct an audit of its books and

records for the period of August 2, 2004 through to date to

determine whether it is in compliance with its obligation to

contribute to the Funds.  A Notice of Hearing dated June 9, 2007

advised the Employer and the Funds that the arbitration hearing was

scheduled for June 21, 2007.

2

Collective Bargaining Agreement Article XII, Section 2, in part, reads:

> ... Service of any documents or notice referred to above, or service of any notice required by law in connection with arbitration proceedings may be made by registered or certified mail. A post office receipt shall be conclusive evidence of proper service if mailed to the address designated by the Employer when it signed the agreement. If certified or registered mail is refused or not picked up, ordinary mail shall be deemed sufficient service provided that it is forwarded to the address of record contained in this agreement.

The address designated by Ametis Construction Corporation when its President, Ruth Harvey, signed the agreement is 130-23 229th Street, Laurelton, New York 11413. The Notice of Hearing was sent to the Employer by regular and certified mail at the Laurelton, New York address. The regular mail and certified mail copies of the Notice of Hearing were not returned to sender and deemed delivered to the Employer.

Concerning an adjournment of any arbitration hearing for which notice has been sent, Collective Bargaining Agreement Article XV, Section 7, and Article XII, Section 2, in part, state:

> Unless a waiver is mutually agreed to in writing by the parties hereto, a hearing shall be convened ....

> The arbitrator shall have the right to conduct an ex parte hearing in the event of the failure of either party to be present at the time and place designated for the arbitration, and shall have the power to render a decision based on the testimony before him at such hearing. The decision of the arbitrator shall be final and binding upon both parties ....

On June 21, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds. Despite the Employer having been sent notice of the

3

proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreement, was presented. The arbitration proceeded as a Default Hearing. Full opportunity was afforded the party present to be heard, to offer evidence, and to examine witnesses. The Funds thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the August 2, 2004 to date period, the Employer was bound to the July 1, 2001 Collective Bargaining Agreement with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.

- Collective Bargaining Agreement Article XV, Section 1, obligates the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreement. The Section further authorizes the Funds to conduct an audit of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds :

> ... Each signatory Employer shall make available to the Trustees of the various Fringe Benefit Trust Funds, or their designated auditing representative, all pertinent books and records, including all cash disbursement records, required for an audit, to enable a said auditor to ascertain and to verify, independently, that the proper contributions hereunder have been paid and such records will be produced whenever deemed necessary by the Trustees in connection with the proper administration of their fiduciary responsibilities.

In order to accomplish this end, it is specifically agreed that should any affiliate or subsidiary Contractor, as described in Article XVII Section 19 of this Agreement be involved with the business activities of this Employer that this Employer will make available all the pertinent books and payroll records of such affiliate or subsidiary to the auditor so that a complete audit can be conducted. The extent of the audit, and the determination as to what pertinent records are necessary to complete the audit, is in the sole discretion of the Employer/Union Trustees, so that they may independently verify that all required contributions have been made and discover the identity of all beneficiaries under the plans for which they have been entrusted, for proper administration.

... It shall be a violation of this Agreement for any Employer, General Contractor, Prime Contractor, Owner-Builder or Subcontractor, bound to this Agreement, to fail to furnish proper records when requested, for the purpose of completing an audit.

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records. In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

- Collective Bargaining Agreement Article XV, Section 7, provides for the remedy for such a violation:

> ... The arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages. The arbitrator's award in this regard shall be final and binding upon the parties hereto and the individual Employer, if any, and shall be wholly enforceable in any court of competent jurisdiction. The cost of the arbitration, including the fees to be paid to the arbitrator shall be included in the award and shall be borne by the losing party.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. Ametis Construction Corp. is in violation of the terms of the Collective Bargaining Agreement;

2. Ametis Construction Corp. is ordered to permit and facilitate the Funds conducting an audit of its books and records for the

period of August 2, 2004 through to date to determine whether
it is in compliance with its obligations to contribute to the
Funds;

3. Ametis Construction Corp. shall pay to the Funds forthwith the
Funds' counsel's fees, the undersigned Arbitrator's fee, and
all associated court costs in the following amounts:

|  |  |
|---|---:|
| Court Costs | $  350.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $2,350.00 |

4. Ametis Construction Corp. shall pay to the District Council
Carpenters Benefit Funds the aggregate amount of two thousand
three hundred fifty dollars ($2,350.00) with interest to accrue
at the rate of 10% from the date of this Award.

Robert Herzog
Arbitrator

Dated: June 23, 2007

State of New York  )
County of Rockland )

    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator
that I am the individual described in and who executed this
instrument, which is my Award.

Robert Herzog
Arbitrator

Dated: June 23, 2007

To:  Ametis Construction Corp.
     Attn: Ruth Harvey, President
     130-23 229th Street
     Laurelton, New York 11413

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014